UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnny Lee Morgan, Jr., ) | C/A No. 3:08-68-JFA-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Report and Recommendation** |
| ) | |
| Eddie Moore; and ) | |
| SCE&G, South Carolina Electric & Gas, ) | |
| ) | |
| Defendants. ) | |

The plaintiff is a resident of West Columbia, South Carolina. Defendant Eddie Moore is the plaintiff's landlord. South Carolina Electric & Gas, which is commonly known by its acronym SCE&G, is a utility which provides electricity and natural gas to customers in the Midlands and Low Country regions of South Carolina. The above-captioned case arises out of a landlord-tenant dispute.

Plaintiff alleges that defendant Moore intentionally had SCE&G shut off the plaintiff's electricity. The plaintiff also alleges that defendant Moore, as the property owner, submitted a letter to SCE&G indicating that he (Mr. Moore) did not consent to tenants' establishing electric service themselves. In his prayer for relief, the plaintiff seeks judgment against Mr. Moore in the amount of two hundred dollars ($200) and judgment against both defendants in the amount of sixty-three thousand dollars ($63,000).

1



Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, the complaint filed in this case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[1]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



*Discussion*

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction; *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, *Pinkley, Inc. v. Servacek*, 528 U.S. 1155 (2000) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)); and generally, a case can be originally filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure; *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999); and if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.* Additionally, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[,]" although even if the complaint does not contain "an

3



affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Here, the claims asserted by the Plaintiff: breach of contract, breach of contract accompanied by fraudulent act, and conversion; are causes of action under South Carolina law. *See Johnson v. Key Equipment Finance*, 367 S.C. 665, 627 S.E.2d 740 (2006); *Oxford Finance Companies, Inc. v. Burgess*, 303 S.C. 534, 539, 402 S.E.2d 480, 482 (1991) (conversion of personal property arising out of landlord-tenant relationship); *HK New Plan Exchange Property Owner I, LLC v. Coker*, 375 S.C. 18, 649 S.E.2d 181 (S.C.Ct.App. 2007); *McCarter v. Willis*, 299 S.C. 198, 383 S.E.2d 252, 253-54 (S.C.Ct.App. 1989); *Player v. Chandler*, 299 S.C. 101, 382 S.E.2d 891, 893 (1989); *Edens v. Laurel Hill, Inc.*, 271 S.C. 360, 247 S.E.2d 434, 435-36 (1978); *Hughes v. Edwards*, 265 S.C. 529, 220 S.E.2d 231, 234 (1975); and *Stein v. Xepapas*, 204 S.C. 239, 246, 29 S.E.2d 257, 259 (1944). The tort of "outrage"[2] is also actionable under South Carolina law. *See Frazier v. Badger*, 361 S.C. 94, 104, 603 S.E.2d 587, 592 (2004); and *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981) (recognizing cause of action, citing "with approval" four elements for cause of action adopted by the Supreme Court of Maine, and "adopt[ing] the rule of liability stated in § 46 of the Restatement (Second) of Torts relating to intentional infliction of emotional distress").

Causes of action arising under South Carolina law are cognizable in a federal district court under the diversity statute, 28 U.S.C. § 1332(a), which requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

---

[2]The tort of "outrage" is the term, under South Carolina law, for the intentional infliction of emotional distress. *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981).



> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Since plaintiff is a citizen of South Carolina and both defendants[3] are citizens of South Carolina, complete diversity of parties is absent in this case. *See* 28 U.S.C. 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

Moreover, the amount in controversy in this case is $63,200, which is the amount in damages that the plaintiff is seeking from the defendants. *See Miller v. Lifestyles Senior Housing Managers*, 2005 WESTLAW® 1397401, *1 [no LEXIS® citation available] (E.D. Cal., June 13, 2005) ("Diversity jurisdiction requires complete diversity of citizenship among the parties, as well as a minimum amount in controversy of more than $75,000."); and *Jennings v. University of North Carolina at Chapel Hill*, 240 F.Supp.2d 492, 497 (M.D.N.C. 2002). *See also McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 390-95 & nn. 2-7 (7th Cir. 1979) (collecting cases); *Cowan v. Windeyer*, 795 F. Supp. 535, 536-37 (N.D.N.Y. 1992); *Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F. Supp. 281, 282-283 & nn. 3-4 (S.D. Ala. 1989); *Woodmen of World Life Insurance Society v. Great Atlantic & Pacific Tea Co.*, 561 F. Supp. 640, 641-42 (N.D. Ill. 1982); and *Carr v. Mid-South Oxygen, Inc.*, 543 F. Supp. 299, 300 (N.D. Miss. 1982). Since, the amount in controversy in this

---

[3]Information from the South Carolina Secretary of State Office (available on the LEXIS® service) indicates that South Carolina Electric and Gas was incorporated in South Carolina on July 19, 1924, and is currently a domestic corporation in good standing.



case is less than the jurisdictional amount set forth in 28 U.S.C. § 1332, the United States District Court for the District of South Carolina lacks diversity jurisdiction over this case.

### *Recommendation*

Accordingly, it is recommended that the Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").

The plaintiff's attention is directed to the important Notice on the next page.

January 17, 2008             Bristow Marchant
Columbia, South Carolina     United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

